Muriel B. Kaplan, Esq. (SBN 124607)
Michele R. Stafford, Esq. (SBN 172509)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
(415) 882-7900
(415) 882-9287 – Facsimile
mkaplan@sjlawcorp.com
mstafford@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIL CROSTHWAITE and RUSS BURNS, in their respective capacities as Trustees of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PAUL T. BECK CONTRACTORS, INC., a California corporation,<br><br>Defendant. | Case No.: C10-0151 SC<br><br>**JOINT CASE MANAGEMENT STATEMENT AND REQUEST FOR CONTINUANCE**<br><br>Date:        July 23, 2010<br>Time:       10:00 a.m.<br>Courtroom:  1, 17th Floor<br>                   450 Golden Gate Avenue<br>                   San Francisco, CA 94102<br>Judge:      Honorable Samuel Conti |

Plaintiffs and Defendant jointly request that the Case Management Conference currently scheduled for July 23, 2010, at 10:00 a.m. be continued for approximately ninety (90) days, as follows:

1. As the Court is aware, Plaintiffs and Defendant have been discussing resolution of all amounts due to the Trust Funds as Defendant was contemplating receivership. There does not appear to be a dispute as to what is owed, but it is uncertain what funds may be available.

2. The parties participated in multiple ADR telephone conferences with Daniel Bolling, to ensure that the case was moving forward while Defendant was analyzing its financial situation. Defendant was considering bankruptcy as an alternate to receivership if it was required.

3. The most recent ADR conference call was June 10, 2010. Defendant confirmed that it was not filing for bankruptcy and that a receiver was appointed. The receiver was going to begin valuing all of Defendant's assets to ascertain what funds would be available to pay Plaintiffs and other creditors. Mr. Bolling advised that based on the status he would recommend to the Court that the case be referred to mediation, but with an extended deadline so that the valuation could be completed.

4. There is nothing to discuss at a Case Management Conference at the present time as the parties are cooperating with one another to move toward resolution. The only issue at present is the value of Defendant's assets, which is being ascertained at the current time.

5. We therefore jointly request that the Case Management Conference be continued for ninety (90) days to allow the parties ample time to resolve this matter, or in the alternative, set and participate in alternative dispute resolution.

Dated: July 15, 2010                                  SALTZMAN & JOHNSON
                                                                      LAWCORPORATION

                                                        By:      _____/s/_____
                                                                     Michele R. Stafford
                                                                     Attorneys for Plaintiffs

Dated: July 15, 2010                                  BOHNEN, ROSENTHAL & KREEFT

                                                        By:      _____/s/_____
                                                                     Andrew B. Kreeft
                                                                     Attorneys for Defendant

IT IS SO ORDERED.

   The currently set Case Management Conference is hereby continued to _November 12, 2010_____ at __10:00 a.m._____. All related deadlines are extended accordingly.

Date: _July 19, 2010_____          _____
                                                              UNITED STATES DISTRICT JUDGE
                                                              Judge Samuel Conti

P:\CLIENTS\OE3CL\Paul T. Beck Contractors\Pleadings\C10-0151 SC - Joint Req to Continue CMC 071510.doc